**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EFFICIENTIP, INC.,** | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-01455 (TNM) |
| **KENNETH T. CUCCINELLI,** *et al.*, | |
| Defendants. | |

### <u>MEMORANDUM ORDER</u>

Plaintiff EfficientIP, Inc. ("EfficientIP") filed a complaint in this district seeking review of a decision denying its visa petition. The Government now moves to transfer this case to the Northern District of Texas. Upon consideration of the parties' briefing and the relevant law, the Court will grant the motion.

### I.

EfficientIP is a Delaware corporation headquartered in Pennsylvania. Compl. ¶ 10, ECF No. 1. It filed a nonimmigrant Form I-129 petition with the U.S. Citizenship and Immigration Services ("USCIS") on behalf of Charles Hong, an employee of its parent company. *Id.* ¶¶ 18–19. USCIS issued a "Request for Information" and EfficientIP then submitted more evidence in support of its petition. *Id.* ¶¶ 24–30. The agency ultimately denied EfficientIP's request. *Id.* ¶ 31.

EfficientIP then sued Kenneth Cuccinelli (the Acting Director of USCIS), Chad Wolf (the Acting Secretary of the Department of Homeland Security), and Gregory Richardson (the Director of the USCIS Texas Service Center)—collectively, "the Government"—arguing that USCIS's decision violates the Administrative Procedure Act because it is arbitrary, capricious,

and not in accordance with law. *Id.* ¶¶ 12–14, 48. It asks this Court to set aside the decision and order the Government to approve the Form I-129 petition and adjust Hong's immigration status. *Id.* at 15.[1]

The Government moves to transfer this case to the Northern District of Texas. Defs.' Mem. in Supp. of Mot. to Transfer Venue ("Defs.' Mem."), ECF No. 9. EfficientIP opposes the transfer. Pl.'s Opp'n to Defs.' Mot. to Transfer ("Pl.'s Opp'n"), ECF No. 10. The Government's motion is ripe.[2]

## II.

The transfer statute, 28 U.S.C. § 1404(a), allows a district court to "transfer any civil action to any other district or division where it might have been brought." In considering a motion to transfer, courts undertake a two-step process. First, the court determines whether venue is proper in the transferee court—the district where the case "might have been brought." 28 U.S.C. § 1404(a). If it is, the court then weighs "a number of case-specific factors" to decide whether a transfer is warranted. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 80 (D.D.C. 2009) (stating that courts use their "broad discretion to balance" these factors). The burden is on the party seeking a transfer. *Aftab*, 597 F. Supp. 2d at 79.

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

[2] The Government's reply was untimely. EfficientIP's opposition was filed on September 17, 2020, making the Government's reply due September 24. The reply was filed the next day. The Court's resolution of the Motion to Transfer does not turn on anything in the Government's late reply.

### III.

The Court begins by recognizing that "[c]ases challenging the actions of local USCIS offices are frequently, and appropriately, transferred to the venue encompassing those local offices." *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017) (collecting cases). EfficientIP's complaint challenges the actions of USCIS's Texas Service Center, which is in the Northern District of Texas. Defs.' Mem. at 7. The Court finds that venue is appropriate there and that the private- and public-interest factors support a transfer.

### A.

To begin, this action could have originally been brought in the Northern District of Texas. Where the defendants are officers of the United States, as is the case here, an action may be brought in any judicial district in which "a defendant in the action resides" or "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1). Here, at least one defendant—Gregory Richardson, the Director of the Texas Service Center—resides in the Northern District of Texas. *See* Compl. ¶ 14. More, EfficientIP's claim arises from the denial of its petition, which occurred in that district. *Id.*

EfficientIP does not appear to dispute that venue is proper in the Northern District of Texas but claims only that venue is also proper in this district because two defendants reside here. *See* Pl.'s Opp'n at 6. True, but the transfer statute "does not condition transfer on the initial forum's being 'wrong.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Rather, "it permits transfer to any district where venue is also proper," *id.,* in other words, where the action "might have been brought," 28 U.S.C. § 1404(a). Importantly too, EfficientIP does not contest that its visa petition was filed with and adjudicated by the Texas Service Center. *See* Pl.'s Opp'n at 7.

**B.**

The Court next considers the private- and public-interest factors.  Both sets of factors

favor transfer.

**1.**

Courts generally consider the following private-interest factors: "(1) the plaintiff's choice

of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the

convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to

sources of proof."  *Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 31 (D.D.C. 2013).  On

balance, these factors support a transfer.

While a plaintiff's choice of forum is ordinarily entitled to deference, *see* Pl.'s Opp'n at

7, "if a plaintiff is not a resident of the forum and most of the relevant events occurred elsewhere,

this deference is weakened," *Aftab*, 597 F. Supp. 2d at 80 (cleaned up).  That is the case here, as

EfficientIP does not reside in the District of Columbia and the relevant events occurred in the

Northern District of Texas.  *See* Compl. ¶¶ 10, 14.  EfficientIP does not reside in the Northern

District of Texas either, though, and it argues that it "bears no nexus at all to" Texas.  Pl.'s

Opp'n at 8.  But a plaintiff's "contacts with the transferee forum" are not dispositive.  *Onaghise*

*v. U.S. Dep't of Homeland Sec.*, No. 1:20-CV-01048, 2020 WL 5642280, at *3 (D.D.C. Sept. 22,

2020).  In similar cases in which transfers have been granted, "the crux was the lack of any

connection with this District and the events occurring elsewhere."  *Id.*

The defendants' choice of forum "is not ordinarily entitled to deference," yet it is still "a

consideration when deciding a § 1404(a) motion."  *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F.

Supp. 3d 261, 269 (D.D.C. 2018).  Here, the Government's choice of forum is the transferee

court.  Defs.' Mem. at 6.  Thus, "[t]o the extent this factor carries any heft," it supports a transfer. *Aishat*, 288 F. Supp. 3d at 269.

As for the third factor, EfficientIP's claim arose in the Northern District of Texas. EfficientIP argues that, among other flaws, the Government's decision to deny its visa application "failed to accord evidentiary weight" to certain statements, "failed to fully consider" some evidence, wrongfully "attacked the documentation" it provided, and "mischaracterize[d]" the visa beneficiary's special knowledge.  Compl. ¶¶ 33–34, 36, 39.  These alleged errors were made by the Texas Service Center when it denied EfficientIP's petition.  *See id.* ¶ 14; *see also* ECF No. 1-1 at 542–49 (denial decision signed by Defendant Richardson at the Texas Service Center).  The primary relief that EfficientIP seeks—this Court declaring the visa-petition denial unlawful and ordering the Government to approve the petition, *see* Compl. at 15—would involve government officials in the Texas Service Center, *see* Defs.' Mem. at 10.

EfficientIP contends that venue is appropriate here because USCIS must adjudicate its petition in accordance with "a national policy directive issued by USCIS headquarters," which "emanated" from the District of Columbia.  Pl.'s Opp'n at 8.  But attacking broad national policies is not enough to "anchor venue here."  *Aftab*, 597 F. Supp. 2d at 81.

Courts in this District have long been wary of "manufacture[d] venue," which can result from a plaintiff "naming high government officials as defendants" in a suit "that properly should be pursued elsewhere."  *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).  "Where, as here, the only real connection the lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the administrative process, venue is not appropriate in the District of Columbia."  *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008) (cleaned up).  EfficientIP's complaint also does

not challenge these national policies. Rather, its "dispute is with *implementation* of those policies," which took place in Texas. *Onaghise*, 2020 WL 5642280 at *2.

Relatedly, EfficientIP argues that it did not have a choice but to file its petition with the Texas Service Center. *See* Pl.'s Opp'n at 7–9. As much as EfficientIP asserts that venue is appropriate here because USCIS's filing instructions "emanate from USCIS's Washington, D.C. headquarters," *see id.* at 7, this argument fails for the same reason that it cannot manufacture venue by challenging broad national policy directives. In any event, no matter *how* the petition came to be filed at the Texas Service Center, what is more relevant for purposes of transfer is that the petition was in fact filed and adjudicated there. *Cf. Al-Ahmed*, 564 F. Supp. 2d at 19 ("[L]ittle, if any, of the activity giving rise to plaintiff's claims has occurred in the District of Columbia nor will it.").

The remaining factors—convenience of the parties and witnesses, as well as ease of access to sources of proof—are less significant to the Court's decision, but also support transferring this case. A transfer would not materially inconvenience either party. While EfficientIP's counsel is in this district, *see* Pl.'s Opp'n at 10, EfficientIP has not argued that they would be unable to litigate the case elsewhere. And the Government would not be inconvenienced by the transfer, as Texas-based attorneys can take over the case. *See* Defs.' Mem. at 14.

EfficientIP contends that the case "will be decided on the administrative record," suggesting that ease of access to records does not support a transfer. *See* Pl.'s Opp'n at 8. Even though this factor might be of less importance, "[i]f this case is eventually adjudicated solely based on an administrative record, that record presumably resides in [Texas], where the adjudication of [EfficientIP's] petition occurred, not in the District of Columbia." *Bourdon*, 235

F. Supp. 3d at 308.  And "[a]lthough not a strong consideration, potential witnesses, if any, could include [Texas Service Center] employees involved in processing or deciding" EfficientIP's petition.  *Aftab*, 597 F. Supp. 2d at 83.

Thus, the private-interest factors favor a transfer.

**2.**

Courts also consider public-interest factors such as "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home."  *Bourdon*, 235 F. Supp. 3d at 308 (cleaned up).

For the first factor, "this case involves federal law, with which both this Court and the Northern District of Texas are equally familiar."  *Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 105 (D.D.C. 2010).  The transferee court's familiarity with governing laws is therefore a neutral factor here.  *Cf. Aishat*, 288 F. Supp. 3d at 271.

As for the second factor, the Government suggests—and EfficientIP does not dispute— that the Northern District of Texas is less congested than this district.  Defs.' Mem. at 13.  This factor therefore provides at least some additional support for a transfer.  *Accord Chauhan*, 746 F. Supp. 2d at 105.

Finally, there is a "local interest in deciding local controversies at home."  *Id.*  This rationale applies equally to controversies such as this one, which "requir[es] judicial review of an administrative decision."  *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 (D.D.C. 2003).  In the particular context of lawsuits challenging USCIS decisions, courts have emphasized that "the district in which the relevant USCIS Field Office is located is better positioned to be involved in" the case.  *Aishat*, 288 F. Supp. 3d at 271 (cleaned up) (collecting cases).

EfficientIP's suit arises from the Texas Service Center's denial of its visa petition. *See* Compl. ⁋⁋ 1, 14. The requested relief, if granted, would apply to government officials in Texas. Defs.' Mem. at 10. Thus, the Northern District of Texas would be in a better position to handle this case.

**IV.**

For all these reasons, the case will be transferred. It is hereby **ORDERED** that the Clerk of Court shall transfer this matter to the United States District Court for the Northern District of Texas. It is **FURTHER ORDERED** that the Clerk of Court close this case.

**SO ORDERED.**


Dated:  November 12, 2020                                      _____
                                                             TREVOR N. McFADDEN, U.S.D.J.